# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JEREL YOUNG,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　　　　　　Respondent. | Case No. 18-cv-1008-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,**<br><br>**AND**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On May 16, 2018, Petitioner, proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In its May 29, 2018 Order, the Court dismissed this case without prejudice because Petitioner failed to satisfy the filing fee requirement and failed to allege exhaustion of state judicial remedies. (ECF No. 2.) Petitioner was instructed that to have this case reopened he had to (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition no later than August 6, 2018. On August 1, 2018, Petitioner filed a First Amended Petition and a motion to proceed *in forma pauperis*. (ECF No. 4, Am. Pet; ECF No. 5.)

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis* (ECF No. 5), and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## II. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The First Amended Petition must be denied because Petitioner has again failed to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. In *Duncan v. Henry*, 513 U.S. 364 (1995), the Supreme Court reasoned that: "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere in the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. (*See* Am. Pet. at 5–8.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted

lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing

filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it plainly appears from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### III. FAILURE TO NAME A PROPER RESPONDENT

Further, review of the First Amended Petition reveals that Petitioner has failed to name a proper respondent. In a federal habeas case, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*. The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 Advisory Committee's Note). In either instance, Petitioner must name the appropriate state officer.

Here, Petitioner has incorrectly named "California Department of Corrections and Rehabilitation," an institution, as the Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*,

4

982 F.2d 378, 379 (9th Cir. 1992) (per curiam).  The Petition is subject to dismissal for this independent basis.

## IV. CONCLUSION & ORDER

For the foregoing reason, the Court hereby **GRANTS** Petitioner's motion to proceed *in forma pauperis* (ECF No. 5), and **DISMISSES** the case without prejudice (ECF No. 4).

To reopen this case, Petitioner may file a Second Amended Petition **no later than October 12, 2018**, which cures the pleading deficiencies outlined above.  A Second Amended Petition must allege both that (1) Petitioner has exhausted his state court remedies with regard to the claim(s) raised therein and (2) name a proper respondent.  If Petitioner fails to file a Second Amended Petition by the foregoing date, the case will remain closed and Plaintiff will need file a completely new habeas petition.  *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).  *For Petitioner's convenience, the Clerk of Court is directed to provide Petitioner with a blank Amended Petition form with a copy of this Order.*

**IT IS SO ORDERED.**

**DATED:  August 10, 2018**

Hon. Cynthia Bashant
United States District Judge