# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JEREL YOUNG,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>TEHACHAPI WARDEN, XAVIER BECERRA;<br><br>　　　　　　　　　Respondents. | Case No. 18-cv-1008-BAS-MDD<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE** |

　　　Petitioner Travis Jerel Young ("Petitioner") has filed a Second Amended Petition for a Writ of Habeas Corpus. (ECF No. 8.) For the reasons herein, the Court dismisses the Petition with prejudice.

## BACKGROUND

　　　On May 16, 2018, Petitioner filed his original Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On May 29, 2018, the Court construed the Petition as one brought pursuant to 28 U.S.C. § 2254 on the ground that Petitioner filed the Petition as "a state prisoner attacking the validity of a state court sentence imposed by the state of California." (ECF No. 2.) The Court dismissed the Petition without prejudice because Petitioner (1) did not pay the $5 filing fee or request to proceed *in forma pauperis* ("IFP") and (2) failed to allege exhaustion of state judicial remedies, a prerequisite for a

Section 2254 Petition. (*Id.*) The Court instructed Petitioner that to reopen this case he had to (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition no later than August 6, 2018, which alleged his exhaustion of state judicial remedies. (*Id.*)

On August 1, 2018, Petitioner filed a First Amended Petition and a motion to proceed IFP pursuant to this Court's Order. (ECF No. 4.) The Court granted Petitioner IFP status, but dismissed the First Amended Petition without prejudice because "Petitioner has again failed to allege exhaustion of state judicial remedies." (ECF No. 6 at 2.) The Court also determined that Petitioner has failed to name a proper respondent because he named the California Department of Corrections and Rehabilitation," rather than a specific warden. (*Id.* at 4.) The Court instructed Petition that "[i]n order for this Court to entertain the Petition . . . , Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation." (*Id.*) The Court provided Petitioner until October 12, 2018 to file a Second Amended Petition correcting the deficiencies identified by the Court. (*Id.* at 5.) Petitioner timely filed the Second Amended Petition on October 3, 2018. (ECF No. 8.)

**DISCUSSION**

**1.    Failure to Name a Proper Respondent**

A review of the Second Amended Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory

2

18cv1008

committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). However, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Petitioner was released on parole in the time since his last filing. (ECF No. 7.) The Second Amended Petition therefore incorrectly names "Tehachapi Warden" as a Respondent. In order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must name the person who will produce "the body" if directed to do so by the Court. Because Petitioner is on parole, proper respondents are his parole officer and the official in charge of the parole agency. *See Ortiz-Sandoval*, 81 F.3d at 894. In California, the Director of the Department of Corrections, currently Ralph Diaz, is the official in charge of the parole agency. *See In re Lusero*, 4 Cal. App. 4th 572, 576 (Cal. Ct. App. 1992) ("During the period of parole following incarceration, an inmate continues in the custody of the department."). Petitioner has not named his parole agent or the Director of the California Department of Corrections. This is a sufficient basis to dismiss the Petition.

Even if amendment would be proper to permit Petitioner to name his parole officer, dismissal of the Petition is warranted because Petitioner has failed for a third time to allege exhaustion of state judicial remedies for the claims he raises in the Petition.

**2. Repeated Failures to Allege Exhaustion of State Judicial Remedies**

The Court has previously notified Petitioner that habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. (ECF Nos. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). A petitioner can satisfy the state remedies exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v.*

*Henry*, 513 U.S. 364, 365 (1995); *see also Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted) (stating that to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available"). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (emphasis added).

Despite being provided with repeated notice, Petitioner has not cured his Petition's deficiencies. As in his original and First Amended Petition, Petitioner specifically indicates he did not seek review in the California Supreme Court. (ECF No. 1 at 5; ECF No. 4 at 2–4; ECF No. 8 at 5-8 at 5.) The multiple Petitions filed do not reflect that Petitioner has ever sought review in any California state court for the federal constitutional claim he purports to raise pursuant to the Thirteenth Amendment. Instead, the Second Amended Petition, like the prior Petitions, indicates that Petitioner has only raised any sort of challenge with his individual parole officer. (ECF No. 1 at 3–4; ECF No. 8 at 7; *but see* ECF No. 4 at 7 (indicating that Petitioner only challenged an alleged violation of his plea agreement).) The Court can only conclude that despite having three opportunities to properly allege initiation or exhaustion of state judicial remedies, Petitioner has not alleged exhaustion because he cannot do so.

If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (both holding that when none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition). Because Petition has not shown that he has ever exhausted the claims

he raises in his Petition, the Court finds that dismissal with prejudice is warranted.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** the Petition. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: October 9, 2018**

Hon. Cynthia Bashant
United States District Judge